1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CM CAPITAL SERVICES, LLC, | 2:10-CV-317 JCM (LRL) |
| Plaintiff, | |
| v. | |
| STEWART TITLE OF NEVADA, et al., | |
| Defendants. | |

**ORDER**

Presently before the court is third-party defendant Federal Deposit Insurance Corporation's (FDIC) motion to consolidate (doc. # 18), and motion to withdraw reference. (Doc. # 19). Plaintiff CM Capital Services, LLC. filed an opposition to both motions. (Doc. # 21). To date, third-party defendant FDIC has not filed a reply.

Pursuant to Fed. R. Civ. P. 42(a), third-party defendant FDIC requests that this court consolidate the present litigation with the cross-claims asserted in the adversary proceeding (case no. 09-1114) now pending before the U.S. Bankruptcy Court. The FDIC argues that the present action and the cross claims require a determination of the same factual and legal issues.

Plaintiff CM Capital Service, LLC (hereinafter "CM") opposes FDIC's motion. CM provides that the present action is based on the allegations that Stewart Title of Nevada (hereinafter "Stewart") was negligent in the escrow transaction involving Consolidated Mortgage's loan to VCSP, LLC. In the present action, Stewart has filed a third-party complaint against FDIC, as successor-in-interest to Franklin Bank, SSB, seeking equitable indemnity for damages. In contrast, the proceedings in U.S. Bankruptcy Court involve the VCSP chapter 11 reorganization including a lien priority dispute.

1

2   This court is not persuaded that the present case should be consolidated with the proceedings
3   in U.S. Bankruptcy Court. Title 28 U.S.C. § 157(b) provides that bankruptcy judges may hear all
4   cases under title II and all core proceedings under title 11. Based on the representations of the parties,
5   the two cases are not identical and at best, only share some factual issues.
6   FDIC also requests this court to withdraw reference pursuant to 18 U.S.C. §157(d).
7   However, this court does not find that judicial efficiency is served by a withdrawal of reference and
8   consolidation.
9   Accordingly,
10   IT IS HEREBY ORDERED ADJUDGED AND DECREED that FDIC's motion to
11   consolidate (doc. # 18) and motion to withdraw reference (doc. # 19) are DENIED.
12   DATED July 29, 2010.

*James C. Mahan*
*signature*
**UNITED STATES DISTRICT JUDGE**