UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CM CAPITAL SERVICES, LLC,

    Plaintiff,

v.

STEWART TITLE OF NEVADA, et al.,

    Defendants.

2:10-CV-317 JCM (LRL)

**ORDER**

Presently before the court is third-party defendant Federal Deposit Insurance Corporation's ("FDIC") motion for reconsideration of order dated July 29, 2010 (doc. # 26). Plaintiff CM Capital Services, LLC dba Consolidated Mortgage, LLC ("Consolidated") filed an opposition (doc. #27). FDIC filed a reply (doc. #29).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

FDIC asserts that the court committed clear error in its order denying FDIC's motion to consolidate and for withdrawal of the reference (doc. #18), and that the decision therein was manifestly unjust. In the court's order (doc. #25), it stated, "[t]o date, third-party defendant FDIC has not filed a reply." However, as stated in its present motion, FDIC filed a timely reply with the court on June 28, 2010 (doc. #24). FDIC asserts that due to the fact that the court did not review the reply before making its decision, it is entitled to a reconsideration of the motion.

**James C. Mahan**
**U.S. District Judge**

**Consolidation of Cases**

Pursuant to Federal Rule of Civil Procedure 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all actions consolidated; and it may take such orders concerning proceedings herein as may tend to avoid unnecessary costs or delay." In *In re First Alliance Mort. Co.,* 471 F.3d 977, 987 (9th Cir. 2006), the court found it appropriate to consolidate matters pending in bankruptcy court with a case pending in the district court when it noted that "two separate but largely overlapping actions...were consolidated by the district court...a tort action...and a bankruptcy action."

The action before this court arises out of Stewart Title's alleged failure to record a valid partial reconveyance document which would have released FDIC's lien on building six and ensured Consolidated a first position on building six. Stewart Title filed a third-party complaint against FDIC for equitable indemnity involving the same documents. Previously in bankruptcy court, Consolidated had filed cross-claims against FDIC asserting that it holds a first position lien on building six, and asked the court to determine the legal effect of the same partial reconveyance document (Adversary Proceeding No. 09-01114). FDIC asserts that the factual allegations against it in the case before this court mirror those asserted in the cross-claims in bankruptcy court. Further, FDIC asserts not only do the two actions involve the same legal theories, issues, evidence, testimony, and witnesses, but that it will assert the same defenses in both actions.

Upon reviewing FDIC's reply (doc. # 24), this court is inclined to consolidate this court's proceedings with the cross-claims brought in bankruptcy court by Consolidated Mortgage, LLC against FDIC. Until a determination can be made as to the effectiveness of the partial reconveyance document, the plaintiff in the case presently before this court has no grounds for its claims. This document's effectiveness is the essence of the case before this court and of the cross-claims filed by Consolidated Mortgage, LLC against FDIC in bankruptcy court.

If the cases are not consolidated, both courts would need to examine the same partial reconveyance document and its effectiveness, and could reach differing conclusions. This court is

**James C. Mahan**
**U.S. District Judge**

- 2 -

not inclined to promote this type of inconsistencies in its rulings.

**Withdrawal of the Reference**

18 U.S.C. § 157(d) sets forth the instances when a district court may withdraw reference from the bankruptcy court. In considering the permissiveness of doing so, a district court considers "the efficient uses of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related matters." *Ormsby v. First American Title Co. of Nevada,* 591 F.3d 1199, 1207-08 (9th Cir. 2010) quoting *Security Farms v. International Botherhood of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999,1008 (9th Cir. 1997).

FDIC asserts that the factual allegation in both the cross-claims and the civil action before this court are nearly identical and "the interests of judicial efficiency counsel in favor of withdrawing the reference." Further, it asserts that there is no concern for "uniformity of bankruptcy administration," because the bankruptcy court had "already confirmed and substantially consummated a plan of reorganization" in the bankruptcy case. FDIC states, and this court agrees, that the legal issues and claims asserted in both of the cases do not arise under the bankruptcy code, but instead involve other federal law under Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), and other Nevada state law. Moreover, cases involving FIRREA require mandatory withdrawal of the reference. *See Lubin v. Cincinnati Ins. Co. (In re Lubin),* 411 B.R. 801, 804 (N.D. Ga. 2009).

FDIC, being the defendant in both actions, asserts that it "did not choose these fights," and it only seeks to save itself substantial legal fees. Thus forum shopping is not an issue. It asks this court to consolidate and withdrawal reference of only a portion of the bankruptcy case. However, considering that the mechanic's liens involved are already settled, that the bankruptcy court has already solidified a reorganization plan, and that the cross-claims have been bifurcated from the other proceedings on May 17, 2010, this court does not take issue with withdrawing the reference of the cross-claims. Further, both Fed. R. Civ. P. 42(a)(1) and 28 U.S.C. § 157(d) permit the withdrawal and consolidation of only "a portion of the action."

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Good cause appearing,

2  IT IS HEREBY ORDERED ADJUDGED AND DECREED that third-party defendant
3  Federal Deposit Insurance Corporation's motion for reconsideration of order dated July 29, 2010,
4  (doc. # 26) be, and the same hereby is, GRANTED.

5  IT IS FURTHER ORDERED ADJUDGED AND DECREED that Consolidated Mortgage,
6  LLC's cross-claims in bankruptcy court against FDIC (Adversary Proceeding No. 09-01114) be
7  consolidated with the case of *CM Capital Services, LLC v. Stewart Title of Nevada et al* (Case no.
8  2:10-cv-00317-JCM-LRL) before this court and reference to such claims be withdrawn.

9  DATED November 5, 2010.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**